1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7                      EASTERN DISTRICT OF CALIFORNIA
8

9   JARED ANDREW MARTIN,                    Case No. 1:22-cv-01484-AWI-EPG (PC)

10              Plaintiff,                   ORDER DENYING MOTION TO TOLL
                                             SCREENING OF COMPLAINT AND
11        v.                                 DIRECTING THE CLERK OF COURT TO
                                             CLOSE THE CASE
12  BENJAMIN MENDOZA, et al.,

13              Defendants.                  (ECF No. 8)

14

15          On December 29, 2022, Plaintiff filed a motion to toll the screening of complaint or

16  dismissal without prejudice.  (ECF No. 8).  In the motion, Plaintiff complains that his grievances

17  are not being properly processed.  He asks the Court to "refrain from moving forward until [he] is

18  released from Madera County Jail."  (Id. at 1).  "If that option is not available[,] Plaintiff asks the

19  Court to dismiss this action without prejudice."  (Id.).

20          Plaintiff appears to be asking the Court to stay this case until he is released.  District

21  courts have broad discretion in deciding whether to stay a case.  See Landis v. N. Am. Co., 299

22  U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

23  every court to control the disposition of the causes on its docket with economy of time and effort

24  for itself, for counsel, and for litigants.").  The moving party has the burden to show that a stay is

25  appropriate.  Clinton v. Jones, 520 U.S. 681, 708 (1997).  In determining whether to enter a stay,

26  the court must consider the competing interests at stake, including (1) "the possible damage

27  which may result from the granting of a stay," (2) "the hardship or inequity which a party may

28  suffer in being required to go forward," and (3) "the orderly course of justice measured in terms

1    of the simplifying or complicating of issues, proof, and questions of law which could be expected

2    to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299

3    U.S. at 254-55).

4    　　　　Here, Plaintiff has not adequately explained why the case should be stayed.  Plaintiff

5    complains about his grievances not being properly processed, but he does not explain how that is

6    preventing him from moving forward with this case or how a stay would benefit either Plaintiff or

7    the Court.  Moreover, Plaintiff has not provided an estimated release date.  Thus, it is unclear how

8    long this case would be stayed.  Accordingly, Plaintiff has not met his burden to show that a stay

9    is appropriate, and the Court will deny Plaintiff's motion to stay.

10    　　　　As to Plaintiff's alternative request, the Court construes it is a notice voluntarily

11    dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure

12    41(a)(1)(A)(i).  Therefore, this action has been terminated.[1]  Fed. R. Civ. P. 41(a)(1)(A)(i);

13    Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

14    　　　　Accordingly, IT IS ORDERED that:

15    　　　　　　1.  Plaintiff's motion to stay this case is denied; and

16    　　　　　　2.  The Clerk of Court is DIRECTED to close this case.

17

18    IT IS SO ORDERED.

19    　　Dated:   __January 3, 2023__              __/s/ Errin P. Grosj__

20    　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26    　　　　[1] The Court notes that the dismissal is automatically without prejudice, unless Plaintiff previously dismissed
a federal or state court action that is based on, or includes, the same claims at issue in the present case.  See Fed. R.

27    Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the
plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of
dismissal operates as an adjudication on the merits.").  Thus, although Plaintiff's case is voluntarily dismissed, it is

28    unclear, and the Court does not decide, whether the voluntary dismissal is with or without prejudice.